Philippe A. Zimmerman (PZ-7744)
Erica D. Busch (EB-9379)
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Avenue
New York, New York  10174
Tel. 212-554-7800
Fax. 212-554-7700
Attorneys for Defendant The Northwest Company, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ :
NEW TRAIL CAPITAL,                                     :
                                                   :
   and                                                :   07-cv-09679 (LAK)
                                                   :
MICHAEL BEER,                                          :   **ANSWER**
                 Plaintiffs,                         :
                                                   :
   v.                                                 :
                                                 :
THE NORTHWEST COMPANY, INC.,                           :
                                               :
               Defendant.                          :
------------------------------------------------------ :

       Defendant The Northwest Company, Inc. ("Northwest"), by its attorneys Moses & Singer LLP, respectfully submits this Answer to the Complaint (the "Complaint") of Plaintiffs New Trail Capital ("NTC") and Michael Beer ("Beer") (collectively, "Plaintiffs"), and states as follows:

       1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1".

       2.      Admits the allegations set forth in paragraph "2", denies that Northwest is a New York corporation, but states that Northwest is a North Carolina corporation.

       3.      Admits the allegations set forth in paragraph "3".

4. Denies the allegations set forth in paragraph "4" and refers to the October 4, 2007 Order of Hon. Berle M. Shiller, District Court Judge, Eastern District of Pennsylvania, which provided for the transfer of venue to the United States District Court of the Southern District of New York.

5. In response to the allegations set forth in paragraph "5", Northwest repeats and realleges its previous responses to paragraphs 1 through 4 of the Complaint, as set forth above.

6. Admits the allegations in paragraph "6", and refers to the June 14, 2004 agreement between the parties (the "2004 Agreement") for its complete terms.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7".

8. Denies the allegations set forth in paragraph "8", and refers to the 2004 Agreement for its terms.

9. Denies the allegations set forth in paragraph "9", but admits that the 2004 Agreement had a one year term.

10. Denies the allegations set forth in paragraph "10", but admits that Plaintiffs provided some services to Northwest, and admits that Plaintiffs were involved in brief and limited discussions between Northwest and New York Couch Potato Company.

11. Denies the allegations set forth in paragraph "11", but admits that Northwest and Plaintiffs had limited discussions regarding Haywin Textile.

12. Denies the allegations set forth in paragraph "12", but admits that Plaintiffs were involved in some discussions between Northwest and Action Performance regarding a potential acquisition of a business from Action Performance.

13. Denies the allegations set forth in paragraph "13", but admits that Plaintiffs introduced Northwest to Riverside, Capital Solutions and RAF Industries.

14. Denies the allegations set forth in paragraph "14" but admits that Plaintiffs were involved in limited conversations with Northwest regarding Northwest's CFO candidates.

15. Denies the allegations set forth in paragraph "15", but admits that Plaintiffs assisted Northwest in connection with the potential acquisition of Northwest by Susquehanna International Group ("SIG").

16. Admits the allegations in paragraph "16".

17. Denies the allegations in paragraph "17", and refers to the January 5, 2006 letter between Northwest and SIG (the "January 2006 Letter") for its terms.

18. Denies the allegations in paragraph "18", and refers to the January 2006 Letter for its terms.

19. Denies the allegations in paragraph "19", and refers to the January 2006 Letter for its terms.

20. Denies the allegations set forth in paragraph "20".

21. Denies the allegations set forth in paragraph "21".

22. Denies the allegations set forth in paragraph "22", but admits that in or about September 2006, Northwest decided not to complete the transaction with SIG.

23. Denies the allegations in paragraph "23".

24. Denies the allegations in paragraph "24".

25. Denies the allegations in paragraph "25".

26. Denies the allegations in paragraph "26".

27. Denies the allegations in paragraph "27".

28. In response to the allegations set forth in paragraph "28", Northwest repeats and realleges its previous responses to paragraphs 1 through 27 of the Complaint, as set forth above.

29. Denies the allegations in paragraph "29", but admits that Northwest entered into the 2004 Agreement with Plaintiffs which had a one year term.

30. Denies the allegations in paragraph "30".

31. Denies the allegations in paragraph "31".

32. Denies the allegations in paragraph "32".

33. In response to the allegations set forth in paragraph "33", Northwest repeats and realleges its previous responses to paragraphs 1 through 32 of the Complaint, as set forth above.

34. Denies the allegations in paragraph "34".

35. Denies the allegations in paragraph "35".

36. Denies the allegations in paragraph "36".

37. Denies the allegations in paragraph "37".

38. Denies the allegations in paragraph "38".

39. Denies the allegations in paragraph "39".

40. In response to the allegations set forth in paragraph "40", Northwest repeats and realleges its previous responses to paragraphs 1 through 39 of the Complaint, as set forth above.

41. Denies the allegations in paragraph "41".

42. Denies the allegations in paragraph "42".

43. Denies the allegations in paragraph "43".

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44".

45. Denies the allegations in paragraph "45".

46. Denies the allegations in paragraph "46" except admits that Plaintiffs made demands to Northwest to receive payment.

47. Denies the allegations in paragraph "47".

48. Denies the allegations in paragraph "48".

49. In response to the allegations set forth in paragraph "49", Northwest repeats and realleges its previous responses to paragraphs 1 through 48 of the Complaint, as set forth above.

50. Denies the allegations in paragraph "50".

51. Denies the allegations in paragraph "51".

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" insofar as it refers to what Plaintiffs relied upon, but denies that Northwest made any promises to Plaintiffs.

53. Denies the allegations in paragraph "53".

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

54. Plaintiffs' claims are barred by the statute of frauds.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

55. The Complaint fails to state a cause of action upon which relief may be granted.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

56. Plaintiffs' claims are barred by their failure to satisfy a condition precedent.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

57. Plaintiffs' claims are barred, in whole or in part, by waiver and/or estoppel.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

58. Plaintiffs' claims are barred by the doctrine of unclean hands.

Dated: New York, New York
       December 10, 2007

        MOSES & SINGER LLP

        By: /s/ Erica D. Busch
           Philippe A. Zimmerman (PZ-7744)
           Erica D. Busch (EB-9379)
        The Chrysler Building
        405 Lexington Avenue
        New York, NY 10174
        Tel: (212) 554-7800
        Fax: (212)554-7700
        pzimmerman@mosessinger.com
        ebusch@mosessinger.com
        *Attorneys for Defendant The Northwest Company, Inc.*