KAPLAN, T

Philippe A. Zimmerman (PZ-7744)
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel. 212-554-7800
Fax 212-554-7700
Attorneys for Defendant The Northwest Company, Inc.

David Jensen (DJ-2261)
BLANK ROME LLP
405 Lexington Avenue
New York, New York 10174
Attorneys for Plaintiffs New Trail Capital and Michael Beer

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
NEW TRAIL CAPITAL, a Sole           :
Proprietorship and MICHAEL BEER,    :
                                    :   07-cv-09679 (LAK)
            Plaintiffs,             :
                                    :
        v.                          :
                                    :
THE NORTHWEST COMPANY, INC.,        :
                                    :
            Defendant.              :
                                    :
-----------------------------------------------------------

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The parties hereto, through their respective counsel, hereby stipulate and agree as follows:

1. This Stipulation and Order governs the access to, use, treatment and distribution of Information (as defined below) produced in this action by any party (each the "Producing Party," as the case may be), including Information which at the time of production is in good faith designated by the Producing Party as "Confidential" pursuant to the terms of this Stipulation and Order. For

purposes of this Stipulation and Order, "Information" includes documents, interrogatory responses and deposition testimony.

2.  Pursuant to the terms of this Stipulation and Order, a Producing Party may, in response to formal or informal discovery requests, designate Information produced that it in good faith believes is confidential and/or proprietary ("Confidential Information") and should be governed by this Stipulation and Order as "Confidential" Information.

3.  If the party receiving the Information ("Receiving Party") objects to the designation of any Information as "Confidential" pursuant to Paragraph 2 above, said party shall first meet and confer with the Producing Party in an effort to resolve the disagreement. If the dispute is not thereby resolved, the objecting party may immediately contact the Judge assigned to this action, and, by letter brief or motion, request a ruling on its challenge to the designation. The party designating the Information as "Confidential" shall have the burden of establishing the propriety of the designation.

4.  The restrictions set forth in any of the proceeding paragraphs hereof shall not apply to any Information that:

    (a)  at the time of the disclosure to the Receiving Party is in the public domain;

    (b)  after disclosure to the Receiving Party, enters the public domain as a result of publication, disclosure or other action not involving a violation of this Stipulation and Order, a breach of any duty or agreement, or other wrongful act;

    (c)  the Receiving Party can show was independently developed by it, or obtained by means not involving the breach of any duty or agreement, or other wrongful act; or

    (d)  is required by law to be disclosed pursuant to an order of a court or other governmental body of competent jurisdiction, provided that ten (10) days notice is provided to the

2

Producing Party prior to such disclosure, or if such notice is not practicable under the circumstances, the soonest notice reasonably practicable, to enable the Producing Party to apply for a protective order or other relief.

5. The protection of this Stipulation and Order may be invoked with respect to any Information by the party producing or disclosing the Information as follows:

(a) With respect to documents, the copy of the document, when produced, shall bear the clear and legible legend "Confidential";

(b) With respect to answers to interrogatories or requests for admissions, when served, the pages of those responses containing "Confidential" Information shall be so marked;

(c) With respect to any deposition, Information shall be designated "Confidential" by marking the pages of the deposition transcript as "Confidential" and sending a copy of the transcript, so marked, to the other parties within 30 days of the date the transcript is received by the party asserting that matters therein are "Confidential"; and

(d) Alternatively, any Information may be designated "Confidential" by specific identification by counsel of record for the Producing Party to counsel of record for the Receiving Party in writing within thirty (30) days of initial production or disclosure of the Information, provided, however, that such subsequent designation shall not render any use or disclosure of the Information prior to the receipt thereof by counsel of record for the Receiving Party a violation of this Stipulation and Order.

6. All Information designated "Confidential" pursuant to the terms of this Stipulation and Order may be disclosed or made available only to the persons specified below:

3

(a) attorneys of record herein and other members of, or attorneys regularly employed by, their firm(s) who are working on this action ("Counsel of Record");

(b) persons regularly employed by Counsel of Record working under the supervision of Counsel of Record in connection with this action who have a need to use the Confidential Information to perform their duties;

(c) persons who have been retained by the Receiving Party specifically to provide expert assistance or advice in this action (collectively referred to as "Independent Advisors"), and persons regularly employed by them, to the extent necessary when working under the supervision of such an Independent Advisor in connection with this action;

(d) the officers, directors, and employees of the Receiving Party with responsibilities relating to the action or assisting counsel in the conduct of the action who need to use the Confidential Information to perform their duties in connection with this action;

(e) the Court and its personnel;

(f) court reporters (including persons operating video recording equipment and depositions) who record testimony;

(g) any other person upon such terms and conditions as the parties may agree or as the Court may hereafter by order direct; and

(h) witnesses deposed in this action or who appear as witnesses at any hearing or trial in this action who authored, received, were copied on, or otherwise had prior non-wrongful access to the Confidential Information involved;

provided that any person to whom Information designated "Confidential" is disclosed pursuant to subparagraphs (c), (g) and (h) above shall, prior to such disclosure, execute a declaration under penalty of contempt in the form annexed hereto as **Exhibit A**. Any declaration executed

pursuant to this Stipulation and Order shall be retained by Counsel of Record making such disclosure, and shall be made available to Counsel of Record for the Producing Party upon reasonable request.

7. The provisions of paragraphs 5, 6, 9 and 10 hereof shall survive the conclusion of this action.

8. All pleadings, motion papers, memoranda, affidavits, exhibits, transcripts and other papers that consist of or contain "Confidential" Information shall, if filed with the Court, be placed in a sealed envelope endorsed with the caption of the action and marked or designated with the legend: "CONFIDENTIAL MATERIAL PURSUANT TO COURT ORDER IN *New Trail Capital and Michael Beer v. The Northwest Company, Inc.*, Civil Action No. 07-cv-09679 (LAK), dated [Month Day, Year]." Where possible, only the confidential portions of filings with the Court shall be filed under seal.

9. Counsel for the parties shall retain Information designated "Confidential" in their custody and control, and take reasonable precautions to prevent persons not authorized, as provided above, from obtaining access to such Information.

10. Within ninety (90) days after the entry of a final judgment in the captioned action that is not appealable or from which no timely appeal is taken, all Information designated "Confidential" shall either be returned to the Producing Party or destroyed by counsel, who shall certify in writing to the Producing Party that all "Confidential" Information has been returned or destroyed, provided, however, that Counsel of Record may retain file copies of documents prepared by counsel that contain such Information, but such Information shall remain subject to the provisions of this Stipulation and Order.

11. This Stipulation and Order shall not affect:

    (a) any party's right to use the Information it designates "Confidential" in its unfettered discretion;

    (b) any party's right to object to any discovery demand on any ground;

    (c) any party's right to seek an order compelling discovery with respect to any discovery demand; or

    (d) any party's right to object to the admissibility of any Information on any ground

12. Inadvertent disclosure of any document or other "Confidential" Information during discovery in this action, with or without appropriate designation, shall be without prejudice to any claim that such document or other Information is privileged or "Confidential" and no party shall be held to have waived any rights by such inadvertent disclosure, provided, however, that no party may designate Information as "Confidential" or more than thirty (30) days after the initial production or disclosure thereof.

13. The designation of any material in accordance with this Stipulation and Order as constituting or containing "Confidential" Information is intended solely to facilitate the prosecution or defense of this action. A party's treatment of such material as Confidential in compliance with this Stipulation and Order is not an admission or agreement by such party that the material constitutes or contains confidential or proprietary information, or that the Producing Party's designation is otherwise appropriate.

Dated: March 25, 2008

BLANK ROME LLP

By: _____
David Jensen (DJ-2261)
djensen@blankrome.com
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
Attorneys for Plaintiffs
NEW TRAIL CAPITAL and MICHAEL BEER

MOSES & SINGER LLP

By: _____
Philippe A. Zimmerman (PZ-7744)
pzimmerman@mosessinger.com
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 554-7800
Attorneys for Defendant
THE NORTHWEST COMPANY, INC.,

Notwithstanding anything to the contrary herein, any papers filed under seal in this action may be made part of the public record on or after **3/27**, 20**13** unless the Court otherwise orders.

SO ORDERED.
Dated: 3/27/08 _____
U.S.D.J.

SO ORDERED:

_____

7

# EXHIBIT A

## UNDERSTANDING AND AGREEMENT RE: INFORMATION DESIGNATED CONFIDENTIAL

I hereby state that I have read and received a copy of the Stipulation and Order regarding the Information Designated Confidential in the case of <u>New Trail Capital and Michael Beer v. The Northwest Company, Inc.</u>, Civil Action No. 07-cv-09679 (LAK), pending in the United States District Court for the Southern District of New York.

I understand the terms of the Stipulation and Order and agree to be bound by its terms.

Dated:

_____
Signature

_____
Printed Name

_____
_____
_____
Address