BLANK ROME LLP
Attorneys for Plaintiffs
NEW TRAIL CAPITAL
and MICHAEL BEER
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000
David D. Jensen (DJ-2261)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW TRAIL CAPITAL, a sole proprietorship, and MICHAEL BEER,<br><br>Plaintiffs,<br><br>-against-<br><br>THE NORTHWEST COMPANY, INC.,<br><br>Defendant. | 07 Civ. 9679 (LAK) (RLE)<br><br>**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PREVIOUSLY REDACTED OR WITHHELD DOCUMENTS BASED UPON DEFENDANT'S WAIVER OF PRIVILEGE** |

Plaintiff Michael Beer ("Beer"), d/b/a New Trail Capital ("NTC"), by and through his undersigned counsel, respectfully moves this Court for entry of an order compelling Defendant The Northwest Company, Inc. ("Northwest"), and its counsel Moses & Singer LLP ("M&S") and Silverberg, Silverberg, Goldsmith & Haber, P.C. ("SSGH") to produce forthwith documents previously redacted or withheld from production or else be precluded from introducing certain evidence at trial, and granting Beer the opportunity to identify an expert witness to rebut certain opinions by Northwest's counsel. Beer brings this motion because of the 11th-hour decision by Northwest to selectively waive the attorney-client privilege, on the eve of the close of discovery, and to invoke a previously unpleaded affirmative defense of reliance on the advice of counsel. In support of this Motion, Plaintiff avers as follows:

1.  As alleged in the Complaint, Plaintiff Beer entered into a written agreement with Northwest in June 2004 to provide certain business broker services to Northwest. That

agreement had a term of exclusivity through December 31, 2004 with a one-year tail for any transactions with third-parties introduced to Northwest by Beer on or before December 31, 2005.

2. As alleged in the Complaint, in the fall of 2005, Beer introduced Northwest to Susquehanna International Group, Inc. ("SIG"). That introduction eventually led to the execution of a Letter of Intent between SIG and Northwest on or about January 5, 2006 and the drafting of an Asset Acquisition Agreement in June 2006. Northwest ultimately refused to proceed to closing on the transaction with SIG.

3. In this action, Beer alleges that as a broker who produced a buyer ready, willing and able to proceed with a transaction on the terms stated by Northwest, he is entitled to his commission regardless of Northwest's reasons for not closing on the transaction with SIG.

4. Defendant Northwest has argued that its principals decided not to proceed with the transaction because of the risk of a "fraudulent conveyance" claim by its creditors. Through written discovery requests, Beer has sought production of documents relating to the reason why Northwest did not proceed. See Beer's First Set Request for Production, attached hereto as Exhibit A. Beer also served subpoenas upon Northwest's counsel, SSGH and M&S. See Exhibits B and C hereto.

5. Northwest has not pleaded the advice of counsel as an affirmative defense in its Answer.[1] See Docket No. 5. Further, through and until Friday, July 18, 2007, Northwest withheld from production (in response to written discovery as well as the subpoenas to its counsel) on privilege and/or work product grounds numerous documents relating to its reasons for not proceeding to closing. See Northwest's Responses to Request for Production (Exhibit D

---

[1] The question of whether that omission waived any such defense is left for another day.

119472.00602/21707559v.1

hereto) and privilege logs (collective Exhibit E hereto). Now, however, Northwest has decided to re-cast its fraudulent conveyance argument as an advice of counsel defense.

6.      On Friday, July 18, 2008, without prior notice, at the deposition of Ross Auerbach, one of the two principals of Northwest, Northwest produced two documents previously withheld as privileged and which purported to reflect the advice of counsel (both from M&S and from SSGH) that the proposed transaction could constitute a fraudulent conveyance.[2] As reflected on the rough transcript of the deposition,[3] Northwest waived the privilege as to the documents. See Excerpt from Rough Transcript of July 18, 2008 Deposition of Ross Auerbach, attached hereto as Exhibit F, at pp. 6-7. Northwest's counsel thereafter permitted Mr. Auerbach to respond to numerous questions regarding the advice Northwest had received from its counsel in reaching its decision not to proceed with the SIG transaction. Id. at pp. 7-24.

7.      During the deposition of one of Northwest's attorneys, Sheldon Silverberg, on Monday July 21st, Northwest similarly permitted the witness to respond to questions regarding privileged discussions with Northwest about its reasons for not closing the SIG transaction. See Rough Transcript of Deposition of Sheldon Silverberg, attached as Exhibit G hereto.

8.      Beer promptly served a Second Request for Production upon Northwest (Exhibit H hereto), as well as new subpoenas upon SSGH and M&S (Exhibits I and J hereto) for all documents previously redacted and withheld from production which refer to advice from counsel. However, Northwest's decision to waive its privilege at this last date has prejudiced Beer. First, Northwest's waiver has been selective: It has produced only 2 of numerous

---

[2] Northwest has designed both documents as "Confidential" pursuant to the March 27, 2008 Confidentiality Stipulation and Protective Order entered by the Court. Accordingly, Beer has not filed the documents as exhibits to this Motion, but will separately submit them to the Court for *in camera* review.

[3] At the time of the filing of this Motion, the official/certified copy of the transcript is not available.

documents it withheld from production. Beer does not have access to other documents, and risks having to repeat depositions scheduled to occur over the next ten days if additional documents are not produced until after the close of discovery on July 31st.

9. Second, the strategic timing of Northwest's precluded Beer from retaining and identifying an independent expert to offer an opinion regarding the reasonableness or good faith nature of Northwest's and its counsel's position.

WHEREFORE, for the foregoing reasons, Plaintiff Michael Beer, d/b/a New Trail Capital, respectfully asks that this Court grant his motion and order Defendant The Northwest Company, Inc., be precluded from presenting any evidence or argument regarding advice of counsel or the fraudulent conveyance issue unless it produce, within one (1) business day of entry of the order all documents that refer or relate to (a) any advice received from any attorneys relating to or relied upon for the reasons Northwest chose not to proceed with the proposed transaction with Susquehanna International Group, Inc., and/or (b) communications with its counsel regarding whether the proposed transaction presented a risk of a "fraudulent conveyance, and that the Court further permit Beer to identify an expert on these issues on or before August 15, 2008.

Dated:   New York, New York        BLANK ROME LLP
         July 23, 2008             Attorneys for Plaintiffs

                              By:  _____
                                   David D. Jensen (DJ-2261)
                                   Rebecca D. Ward (*pro hac vice*)
                                   James T. Smith (*pro hac vice*)
                                   405 Lexington Avenue
                                   New York, New York 10174-0208
                                   Phone: (212) 885-5000

119472.00602/21707559v.1