BLANK ROME LLP
Attorneys for Plaintiffs
NEW TRAIL CAPITAL
and MICHAEL BEER
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000
David D. Jensen (DJ-2261)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW TRAIL CAPITAL, a sole proprietorship, and MICHAEL BEER,<br><br>Plaintiffs,<br><br>-against-<br><br>THE NORTHWEST COMPANY, INC.,<br><br>Defendant. | 07 Civ. 9679 (LAK) (RLE)<br><br>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION** |

**PLEASE TAKE NOTICE** that plaintiffs NEW TRAIL CAPITAL and MICHAEL BEER, pursuant to Rule 34 of the Federal Rules of Civil Procedure, request that Defendant THE NORTHWEST COMPANY, INC. produce and permit them to inspect and photocopy each of the following documents and materials at the offices of Blank Rome LLP, 405 Lexington Avenue, New York, New York, within 30 days.

### DEFINITIONS & INSTRUCTIONS

(a)  The definitions and rules of construction in Local Civil Rule 26.3 are deemed incorporated by reference. Plaintiffs note that this Local Rule defines terms such as (but not limited to) "document," "communication," and "identify."

(b)  If any document responsive to a request was, but no longer is in your possession, custody, or control, furnish a description of each such document and indicate the

119472.00602/6612157v.1

manner and circumstances under which it left your possession, custody, or control, and its present whereabouts, if known.

(c) If any document is withheld from production, in whole or in part, you shall describe fully the entire basis of your withholding the document, including identification of the document withheld and any claim of privilege, in sufficient detail so as to permit adjudication of the validity of your refusal to produce the document, and in particular you shall state with respect to each such document: its date of preparation, number of pages, the name of the person(s) preparing the document, the name of the addressee and recipient, persons to whom copies were sent, a brief statement of the document's subject matter, and the file in which it has been stored.

(d) This document request shall be deemed continuing so as to require further and supplemental production if Defendants receive or generate additional documents (or otherwise learn that their productions were insufficient) between the time of original production and the time of the trial of this action. Such supplementary production shall be made by you immediately pursuant to Fed. R. Civ. Proc. 26(e).

(e) The terms "you" and "your" refer to defendant and include its officers, directors, agents, employees, shareholders, and owners.

(f) The term "person" refers to a natural person, a corporation, a limited liability company, a trust, a partnership or any other entity recognized under the law.

(g) The term "SIG" refers to Susquehanna International Group, which is otherwise described in ¶ 15 of the Complaint.

(h) The term "Contemplated SIG Transaction" refers to a transaction that was contemplated between you and SIG. The Contemplated SIG Transactions is the factual predicate of plaintiffs' Complaint.

(i) The term "Similar Transaction" refers to any transaction that was in any way contemplated that would have involved obtaining funds for your use in exchange for an equity interest in your company or an obligation to repay the money. The term "Similar Transaction" does not include a transaction whereby your company was provided with purchase money for chattels or real property, which purchase money you were obligated to repay in full, with interest.

(j) The terms "Interrogatory" or "Interrogatories" refers to Plaintiffs' Interrogatories, served on equal date herewith.

## DOCUMENTS REQUESTED

1) All documents identified in response to the Interrogatories.

2) To whatever extent not covered by the foregoing Request, all documents that relate to any agreement or understanding between you and/or plaintiffs and/or SIG and/or any other person that relates to the Contemplated SIG Transaction.

3) To whatever extent not covered by the foregoing Requests, all documents that relate to your "deci[sion] not to complete the transaction with SIG," as stated in ¶ 22 of your Answer.

4) All documents that relate to the terms or other parameters that would have or could have pertained to the Contemplated SIG Transaction.

5) All documents that relate to any costs, risks, potential liabilities, or other negative or potentially negative consequences that were or that might have been attendant the

-3-
119472.00602/6612157v.1

Contemplated SIG Transaction (including without limitation any documents that indicate the absence of costs, risks, potential liabilities, or other negative or potentially negative consequences attendant the Contemplated SIG Transaction).

6) All documents that relate to any persons who would have or who might have received any consideration or other renumeration had the Contemplated SIG Transaction been consummated.

7) All documents that relate to any Similar Transaction that was contemplated at any point between June 1, 2004 and September 30, 2006.

8) All documents that concern communications with any person identified in response to Interrogatories 3, 4, and/or 5 (regardless of whether you are a party to such communications).

Dated:     New York, New York
           February 4, 2008

                                         BLANK ROME LLP
                                         Attorneys for Plaintiffs

                              By:        _____
                                         David D. Jensen (DJ-2261)
                                         405 Lexington Avenue
                                         New York, New York 10174-0208
                                         Phone: (212) 885-5000

cc:    Philippe A. Zimmerman, Esq.
       Moses & Singer LLP
       405 Lexington Avenue
       New York, New York 10174

## DECLARATION OF SERVICE BY MAIL

**David D. Jensen** declares under penalty of perjury of the laws of the United States that he is over the age of eighteen (18) years and is not a party to this action; that on the 4th day of February, 2008 he served the within: *Plaintiffs' First Request for Production* and *Plaintiffs' First Interrogatories* upon:

Philippe A. Zimmerman, Esq.
Moses & Singer LLP
405 Lexington Avenue
New York, New York 10174

by depositing a true copy thereof, securely enclosed in a post-paid wrapper, in a post office box regularly maintained by the United States Government, in the City, County, and State of New York, directed to the above at their respective address, that being the address designated by them for that purpose upon the preceding papers in this action.

David D. Jensen

119472.00602/6613630v.1