UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- :
NEW TRAIL CAPITAL,                               :
                                                 :
    and                                          : Case No. 07-cv-09679 (LAK)
                                                 :
MICHAEL BEER,                                    : **DEFENDANT THE NORTHWEST**
            Plaintiffs,                         : **COMPANY, INC.'S RESPONSE TO**
                                                 : **PLAINTIFFS' FIRST REQUEST FOR**
    v.                                           : **PRODUCTION**
                                                 :
THE NORTHWEST COMPANY, INC.,                     :
                                                 :
            Defendant.                          :
                                                 :
-------------------------------------------------- :

       Defendant, The Northwest Company, Inc., pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to Plaintiffs First Request for Production ("Plaintiffs' Requests").

## DEFINITIONS AND INSTRUCTIONS

    1.    Northwest's responses are made without in any way waiving or intending to waive, but, on the contrary, preserving and intending to preserve:

        a)    The right to raise all questions of authenticity, relevancy, materiality, privilege and admissibility as evidence for any purpose of the information provided and the documents identified and/or produced in response to these requests for production, which may arise in any subsequent proceeding in, or the trial of, this or any other action;

        b)    The right to object to the use of the documents and things in any subsequent proceeding in, or the trial of, this or any other action on any grounds;

      c)      The right to object on any ground at any time to other requests for production or other discovery involving the documents and things or the subject matter thereof; and

      d)      The right to supplement or amend responses if Northwest uncovers additional documents and things called for by these requests, as discovery is just commencing and Northwest's investigation of the facts and the evidence pertinent to this action has not been completed.

2.      The following responses are based upon information presently available to and located by Northwest. Northwest has not yet completed its investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial. Therefore, while Northwest has performed a reasonable search for documents and things responsive to these requests, Northwest reserves its right under the Federal Rules of Civil Procedure to supplement its responses herein, and its production, with any non-privileged, responsive information, documents, or things that it may subsequently discover.

3.      As used herein, the phrase "Northwest will produce non-privileged documents responsive to this request," does not constitute a representation that privileged or non-privileged documents exist, but only that Northwest will make, or has made, a good faith, reasonable effort to search for such documents and, subject to its objections, will produce at an appropriate time, or has produced such documents within its possession. Should documents be withheld pursuant to a claim of privilege that reasonably fall within the scope of one or more of Plaintiffs' Requests, Northwest will comply with its obligations under Fed. R. Civ. P. 26(b)(5).

4. Specific objections to any one of Plaintiffs' Requests are made in the responses set forth below. In addition to those specific objections, Northwest generally objects to Plaintiffs' Requests as follows:

## GENERAL OBJECTIONS

1. Northwest objects to Plaintiffs' Requests to the extent that they seek to impose discovery obligations on person(s) and/or entities that are not parties to this action.

2. Northwest objects to producing documents and things for inspection, testing and/or copying at the offices of Blank Rome LLP. Northwest will product documents responsive to Plaintiffs' Requests in a manner to be agreed upon by the parties.

3. Northwest objects generally to Plaintiffs' Requests to the extent that the instructions and definitions set forth therein fail to comply with or impose obligations beyond the scope of Rule 34 of the Federal Rules of Civil Procedure.

4. Northwest objects generally to Plaintiffs' Requests to the extent that the instructions and definitions set forth therein seek documents and things not in Northwest's possession.

5. Northwest objects to Plaintiffs' Requests to the extent they seek information protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or doctrine. Northwest has stated its privilege objections expressly to each of Plaintiffs' Requests that would, in Northwest's view, reasonably be interpreted to encompass privileged documents. To the extent that any other requests encompass privileged documents, however, Northwest hereby incorporates its general

objections. The inadvertent production of any documents or information subject to such a privilege or doctrine is not intended to be and should not be deemed to be a waiver of such privilege or doctrine.

6. Northwest objects to Plaintiffs' Requests to the extent they are overly broad and/or impose undue burden and expense on Northwest. In searching for relevant documents, Northwest has made, and will make, inquiry of all persons who are reasonably likely to have such documents.

7. Northwest objects to Plaintiffs' definition of "Similar Transaction" as ambiguous.

8. Northwest objects to Plaintiffs' Requests to the extent that they seek production of documents which are publicly available or which have been previously provided.

9. Northwest's decision to provide information or documents, notwithstanding the objectionable nature of any of Plaintiffs' Requests, should not be construed as: (a) an admission as to the propriety of any Request; (b) a stipulation that the material is relevant; (c) a waiver of the general objections or the specific objections asserted in response to the Plaintiffs' Requests; (d) an admission as to the admissibility into evidence of any documents or information; or (e) an agreement that other requests for similar information will be treated in a similar manner.

## DOCUMENTS REQUESTED

1. All documents identified in response to the Interrogatories.

**RESPONSE TO DOCUMENT REQUEST # 1**

Northwest objects to this request to the extent that it seeks documents and/or information protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving the objections above, Northwest will produce non-privileged documents responsive to this request.

2. To whatever extent not covered by the foregoing Request, all documents that relate to any agreement or understanding between you and/or plaintiffs and/or SIG and/or any other person that relates to the Contemplated SIG transaction.

**RESPONSE TO DOCUMENT REQUEST #2**

Northwest objects to this request as overly broad, unduly burdensome, not subject to a reasonable interpretation and not reasonably calculated to lead to the discovery of relevant evidence. Northwest further objects to this request to the extent that it seeks documents and/or information protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving the objections above, Northwest will produce non-privileged documents responsive to this request.

3. To whatever extent not covered by the foregoing Requests, all documents that relate to your "deci[sion] not to complete the transaction with SIG," as stated in ¶ 22 of your Answer.

**RESPONSE TO DOCUMENT REQUEST #3**

Northwest objects to this request to the extent that it seeks documents and/or information protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving the objections above, Northwest will produce non-privileged documents responsive to this request.

4. All documents that relate to the terms or other parameters that would have or could have pertained to the Contemplated SIG Transaction.

**RESPONSE TO DOCUMENT REQUEST #4**

Northwest objects to this request as not subject to a reasonable interpretation and not reasonably calculated to lead to the discovery of relevant evidence. Northwest further objects to this request to the extent that it seeks documents and/or information protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving the objections above, Northwest will produce non-privileged documents concerning the contemplated terms of the Contemplated SIG Transaction.

5. All documents that related to any costs, risks, potential liabilities, or other negative or potentially negative consequences that were or that might have been attendant the Contemplated SIG Transaction (including without limitation any documents that indicate the absence of costs, risks, potential liabilities, or other negative or potentially negative consequences attendant the Contemplated SIG Transaction).

**RESPONSE TO DOCUMENT REQUEST #5**

Northwest objects to this request as not subject to a reasonable interpretation and not reasonably calculated to lead to the discovery of relevant evidence. Northwest further objects to this request to the extent that it seeks documents and/or information protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving the objections above, Northwest will produce non-privileged documents responsive to this request.

6. All documents that related to any persons who would have or who might have received any consideration or other renumeration [sic] had the Contemplated SIG Transaction been consummated.

**RESPONSE TO DOCUMENT REQUEST #6**

Northwest objects to this request as not subject to a reasonable interpretation and not reasonably calculated to lead to the discovery of relevant evidence. Northwest further objects to this request to the extent that it seeks documents and/or information protected by the attorney-client privilege and/or attorney work product

doctrine. Subject to and without waiving the objections above, Northwest will produce non-privileged documents responsive to this request.

7. All documents that relate to any Similar Transaction that was contemplated at any point between June 1, 2005 and September 30, 2006.

**RESPONSE TO DOCUMENT REQUEST #7**

Northwest objects to this request as not subject to a reasonable interpretation, overbroad and not reasonably calculated to lead to the discovery of relevant evidence. Northwest further objects to this request to the extent that it seeks documents and/or information protected by the attorney-client privilege and/or attorney work product doctrine.

All documents that concern communications with any person identified in response to Interrogatories 3, 4, and/or 5 (regardless of whether you are a party to such communications).

**RESPONSE TO DOCUMENT REQUEST #8**

    Northwest objects to this request as overbroad and not reasonably calculated to lead to the discovery of relevant evidence. Northwest further objects to this request to the extent that it seeks documents and/or information protected by the attorney-client privilege and/or attorney work product doctrine.

Dated: New York, New York
   March 31, 2008

                          MOSES & SINGER LLP

                  By: _____
                       Philippe A. Zimmerman, Esq.
                       (PZ-7744)

                       The Chrysler Building
                       405 Lexington Avenue
                       New York, New York 10174
                       Tel: (212) 554-7800
                       Fax: (212) 554-7700

                       *Attorneys for Defendant,*
                       *The Northwest Company, Inc.*

TO: David J. Jensen, Esq.
    Blank Rome LLP
    405 Lexington Avenue
    New York, NY 10174

    *Attorneys for Plaintiffs,*
    *New Trail Capital and Michael Beer*

675576v1 010714.0106         8