BLANK ROME LLP
Attorneys for Plaintiffs
NEW TRAIL CAPITAL
and MICHAEL BEER
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000
David D. Jensen (DJ-2261)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW TRAIL CAPITAL, a sole proprietorship, and MICHAEL BEER, <br><br> Plaintiffs, <br><br> -against- <br><br> THE NORTHWEST COMPANY, INC., <br><br> Defendant. | 07 Civ. 9679 (LAK) (RLE) <br><br> **PLAINTIFFS' SECOND REQUEST FOR PRODUCTION** |

**PLEASE TAKE NOTICE** that plaintiffs NEW TRAIL CAPITAL and MICHAEL

BEER, pursuant to Rule 34 of the Federal Rules of Civil Procedure, request that Defendant THE

NORTHWEST COMPANY, INC. produce and permit them to inspect and photocopy each of

the following documents and materials at the offices of Blank Rome LLP, 405 Lexington

Avenue, New York, New York, within 30 days.

## DEFINITIONS & INSTRUCTIONS

(a)     The definitions and rules of construction in Local Civil Rule 26.3 are

deemed incorporated by reference. Plaintiffs note that this Local Rule defines terms such as (but

not limited to) "document," "communication," and "identify."

(b)     If any document responsive to a request was, but no longer is in your

possession, custody, or control, furnish a description of each such document and indicate the

119472.00602/6654850v.1

manner and circumstances under which it left your possession, custody, or control, and its present whereabouts, if known.

(c)    If any document is withheld from production, in whole or in part, you shall describe fully the entire basis of your withholding the document, including identification of the document withheld and any claim of privilege, in sufficient detail so as to permit adjudication of the validity of your refusal to produce the document, and in particular you shall state with respect to each such document: its date of preparation, number of pages, the name of the person(s) preparing the document, the name of the addressee and recipient, persons to whom copies were sent, a brief statement of the document's subject matter, and the file in which it has been stored.

(d)    This document request shall be deemed continuing so as to require further and supplemental production if Defendants receive or generate additional documents (or otherwise learn that their productions were insufficient) between the time of original production and the time of the trial of this action.  Such supplementary production shall be made by you immediately pursuant to Fed. R. Civ. Proc. 26(e).

(e)    The terms "you" and "your" refer to defendant and include its officers, directors, agents, employees, shareholders, and owners.

(f)    The term "person" refers to a natural person, a corporation, a limited liability company, a trust, a partnership or any other entity recognized under the law.

(g)    The term "Contemplated SIG Transaction" refers to a transaction that was contemplated between you and SIG.  The Contemplated SIG Transactions is the factual predicate of plaintiffs' Complaint.

119472.00602/6654850v.1

## DOCUMENTS REQUESTED

1.    All documents that constitute or reflect license agreements made with (or on behalf of) The Walt Disney Company.

2.    All documents that refer or relate to communications with Disney about any license between Northwest and Disney.

3.    All documents that refer or relate to any policies, procedures, processes, guidelines, standards, restrictions, limitations, etc., on assignment of any license between Northwest and Disney, sub-licensing of any such license, or impact on any such license of a change in control of Northwest.

4.    All documents that refer or relate to any communications between Northwest and Disney regarding assignment of any license between Northwest and Disney, sub-licensing of any such license, or impact on any such license of a change in control of Northwest.

5.    All documents that refer or relate to any communications between Northwest and Disney regarding the Contemplated SIG Transaction.

6.    To whatever extent not covered by the foregoing Request, all documents that support any argument that a license or licenses from The Walt Disney Company precluded consummation of the Contemplated SIG Transaction.

7.    All documents that Documents referring or relating to communications between or among Moses & Singer LLP, Silverberg Stonehill Goldsmith & Haber P.C. (and any employee, associate, partner or other agent or representative of either firm)  and Northwest regarding the Proposed SIG Transaction or this Action.

8.    Documents referring or relating to communications between or among Moses & Singer, Silverberg Stonehill Goldsmith & Haber P.C. (and any employee, associate, partner or

119472.00602/6654850v.1

other agent or representative of either firm) and Northwest regarding whether the Proposed SIG Transaction was or would have constituted a fraudulent conveyance.

9.    Documents referring or relating to communications between or among Moses & Singer LLP, Silverberg Stonehill Goldsmith & Haber P.C. (and any employee, associate, partner or other agent or representative of either firm) and any other person or entity regarding the Proposed SIG Transaction or this Action.

10.    Documents referring or relating to communications between or among Moses & Singer LLP, Silverberg Stonehill Goldsmith & Haber P.C. (and any employee, associate, partner or other agent or representative of either firm) and any other person or entity regarding whether the Proposed SIG Transaction was or would have constituted a fraudulent conveyance.

11.    Documents referring or relating to any analysis, research, conclusions, review, conclusions, determinations, or evaluations that the Proposed SIG Transaction was or would have constituted a fraudulent conveyance.

12.    Documents referring or relating to the factual bases for any analysis, research, conclusions, review, conclusions, determinations, or evaluations that the Proposed SIG Transaction was or would have constituted a fraudulent conveyance.

13.    Documents referring or relating to the legal bases for any analysis, research, conclusions, review, conclusions, determinations, or evaluations that the Proposed SIG Transaction was or would have constituted a fraudulent conveyance.

14.    Documents not previously produced that refer or relate to the Proposed SIG Transaction or this Action.

15.    Unredacted copies of all documents previously produced only in redacted form.

Dated:      New York, New York
             July 18, 2008

                                  BLANK ROME LLP
                                  Attorneys for Plaintiffs

By:                                        
                                  David D. Jensen (DJ-2261)
                                  405 Lexington Avenue
                                  New York, New York 10174-0208
                                  Phone:  (212) 885-5000

cc:      Philippe A. Zimmerman, Esq.
           Moses & Singer LLP
           405 Lexington Avenue
           New York, New York 10174

119472.00602/6654850v.1