# BLANK ROME LLP
COUNSELORS AT LAW

Phone:   (212) 885-5345
Fax:     (917) 332-3702
Email:   DJensen@BlankRome.com

July 21, 2008

**BY FEDERAL EXPRESS**

Michael Goldsmith, Esq.
Silverberg, Stonehill, Goldsmith & Haber, PC
111 West 40th Street, 33rd Floor
New York, New York 10018

        Re:    Michael Beer v. The Northwest Co.
               Subpoena

Dear Mr. Goldsmith:

    Earlier today, at a deposition conducted at your offices, Mr. Ken Schachter advised us that he could accept a subpoena on your behalf. We enclose a second copy of this subpoena, along with a check for $29.00 to cover the witness fee and mileage.

                                           Very truly yours,

                                           David D. Jensen

DDJ:aa
Enclosures

cc:    Philippe Zimmerman, Esq.
       Moses & Singer LLP
       405 Lexington Avenue
       New York, New York 10174
       by email to pzimmerman@mosessinger.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL BEER AND NEW TRAIL CAPITAL, | SUBPOENA IN A CIVIL CASE |
| Plaintiffs | |
| v. | Civil Action No. 07CV-9679 |
| THE NORTHWEST COMPANY, INC. | |
| Defendant. | |

TO:  Michael Goldsmith
     Silverberg Stonehill Goldsmith & Haber, P.C.
     111 West 40th Street, 33rd Floor
     New York, NY 10018

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: | DATE AND TIME: |
|---|---|
| Blank Rome LLP | July 28, 2008 at 9:30 a.m. |
| 405 Lexington Avenue | |
| New York, NY 10174 | |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): See attached Rider for documents sought

| PLACE | DATE AND TIME |
|---|---|
| Blank Rome LLP | July 28, 2008 at 9:30 a.m. |
| 405 Lexington Avenue | |
| New York, NY 10174 | |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE: | DATE: |
|---|---|
| *[signature]* Attorney for Plaintiff | 7/18/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
David Jensen, Blank Rome LLP, One Logan Square, Philadelphia, PA 19103
(212) 885-5345

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

|  | DATE: | PLACE: |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
              (DATE)                         SIGNATURE OF SERVER

                                             _____
                                             ADDRESS OF SERVER

                                             _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party servicing the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of an party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of an party to travel to a place more than 100 miles from the place where that person resides,

is employed or regularly transacts business in person, except that, subject to the provisions in clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce the documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with he categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim.

## RIDER

### Definitions

1. "Northwest" refers to The Northwest Company, Inc., of Roslyn, New York, which is a party to this lawsuit. The term "Northwest" includes any affiliates of Northwest, individually or jointly, as the case may be, as well as its lawyers or accountants.

2. "Beer" refers to Plaintiff Michael Beer, d/b/a New Trail Capital, as well as any agent, attorney or other representative of Beer.

3. "SIG" refers to Susquehanna International Group, any affiliates of SIG, individually or jointly, or any employees, agents, counsel, or other representatives of SIG.

4. "Proposed SIG Transaction" refers to a transaction that was contemplated between Susquehanna International Group and Northwest and negotiated between the summer of 2005 and the summer of 2006.

5. "SSGH" refers to the law firm Silverberg Stonehill Goldsmith & Haber P.C. and any employee, associate, partner, agent, counsel or other representative of SSGH.

6. "Document" refers in the broadest possible sense to include, but not be limited to, any kind of written or graphic matter or record however produced, reproduced or preserved, of any kind or description, including but not limited to every contract, letter of transmittal, license, pamphlet, periodical, letter, survey, blueprint, mechanical drawing, measurements, correspondence, agreement, e-mail, invoice, receipt, memorandum, facsimile, diary entry, book of account, financial record, public filing, telegram, report, record, study, interoffice or intra-office communication, handwritten or other notes, chart, plan, drawing, sample, photograph, computer printouts, computer files, backup tapes, floppy disks, and other medium for storage of electronic date or information recorded on any medium, and every other written, typed, recorded, transcribed, filed or graphic matter, whether sent or received or neither, and both sides thereof, including non-identical copies in your possession, custody, and control or that of your agents, accountants, employees, representatives or attorneys, and things similar to any of the foregoing however denominated.

### Documents to be Produced

1. Documents referring or relating to communications between or among SSGH and Northwest regarding the Proposed SIG Transaction or this Action.

2. Documents referring or relating to communications between or among SSGH and Northwest regarding whether the Proposed SIG Transaction was or would have constituted a fraudulent conveyance.

3. Documents referring or relating to communications between or among SSGH and any other person or entity regarding the Proposed SIG Transaction or this Action.

4. Documents referring or relating to communications between or among SSGH and any other person or entity regarding whether the Proposed SIG Transaction was or would have constituted a fraudulent conveyance.

5. Documents referring or relating to any analysis, research, conclusions, review, conclusions, determinations, or evaluations that the Proposed SIG Transaction was or would have constituted a fraudulent conveyance.

6. Documents referring or relating to the factual bases for any analysis, research, conclusions, review, conclusions, determinations, or evaluations that the Proposed SIG Transaction was or would have constituted a fraudulent conveyance.

7. Documents referring or relating to the legal bases for any analysis, research, conclusions, review, conclusions, determinations, or evaluations that the Proposed SIG Transaction was or would have constituted a fraudulent conveyance.

8. Documents that refer or relate to the Proposed SIG Transaction or this Action.

9. All documents previously withheld from production in response to the document subpoena previously served upon SSGH in connection with this matter.

10. Unredacted copies of all documents previously produced only in redacted form in response to the document subpoena previously served upon SSGH in connection with this matter.