**MOSES & SINGER LLP**
Philippe A. Zimmerman  (PZ-7744)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel: (212) 554-7800
Fax: (212) 554-7700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW TRAIL CAPITAL,<br><br>and<br><br>MICHAEL BEER,<br>　　　　　Plaintiffs,<br><br>v.<br><br>THE NORTHWEST COMPANY, INC.,<br>　　　　　Defendant. | Case No.  07-cv-09679 (LAK) (RLE)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO <u>COMPEL</u>** |

　　　　Defendant, The Northwest Company, Inc. ("Northwest"), by its counsel, Moses & Singer LLP, submits this opposition in response to Plaintiff's Motion to Compel Production of Previously Withheld Documents Based Upon Defendant's Waiver of Privilege (the "Motion"):

　　　　1.　　Preliminarily, Plaintiff's Motion was filed without attempting to meet and confer.  Plaintiff's failure to discuss the matter with Northwest, Moses & Singer LLP ("M&S") or Silverberg, Stonehill, Goldsmith & Haber, P.C. ("SSGH") prior to filing the Motion is particularly notable because lead counsel for Northwest, Philippe Zimmerman, a partner of M&S, was engaged in depositions in this action noticed and taken by counsel for Plaintiff on each of the business days since (and including) the day on which the limited waiver of privilege was made through the filing of the motion.  Indeed, at the very

moment the motion was filed, Mr. Zimmerman was defending the deposition of Steven Glaser, another partner of M&S, which was being taken at the offices of Blank Rome LLP, counsel for Plaintiff, in this action by a partner of Blank Rome, Rebecca Ward, and on Monday, July 23, 2008, the very attorney that filed the Motion on Plaintiff's behalf, David Jensen, took the deposition of Sheldon Silverberg of SSGH.  At neither deposition did Plaintiff's attorneys attempt to engage in a meet and confer.

      2.      Plaintiff's failure to meet and confer is regrettable because, at least, a substantial portion of the Motion could have been mooted by a discussion.  In particular, Northwest, M&S and SSGH do not object to that portion of the relief sought by Plaintiff which seeks the production of documents "that refer or relate to (a) any advice received from any attorneys relating to or relied upon for the reasons Northwest chose not to proceed with the proposed transaction with Susquehanna International Group, Inc. [SIG"], and/or (b) communications with its counsel regarding whether the proposed transaction presented a risk of a 'fraudulent conveyance.'"  Indeed, both Northwest and M&S had produced such documents prior to Plaintiff's filing of the Motion and SSGH is in the process of collecting such documents.

      3.      With respect to Plaintiff's request that they be permitted to identify an expert witness related to a purported "advice of counsel" defense, Plaintiff misunderstands Northwest's defense.  Beyond the numerous technical and substantive bases for dismissal of Plaintiff's claims, which Northwest intends to raise by filing a motion for summary judgment,[1] Northwest has waived the privilege with respect to the

---

[1] Among the bases for Northwest's contemplated Motion for Summary Judgment are (i) the written agreement between the parties, which provides for payment of a "success fee" based on an actual "transaction" (not a an unconsummated proposed transaction) and precludes Plaintiff's quasi-contract

advice it received that a proposed transaction with SIG could subject its principals to a fraudulent conveyance claim if the new entity to be created in the proposed transaction was unable to pay its debts. The privilege was waived to not assert a formal "advice of counsel" defense, but rather to support Northwest's contention that it acted in good faith in electing to not proceed with the proposed transaction because, *inter alia*, SIG was unwilling to indemnify Northwest against such a claim or otherwise provide it with comfort with respect to the risk that the transaction would subject Northwest (and its principals) to a fraudulent conveyance claim. Northwest is not contending that it acted as counsel instructed. Rather, it contends that it acted in good faith in taking its attorneys' identification of a potential risk into consideration in electing not to proceed with a proposed transaction.

4. The correctness of Northwest's counsels' conclusion that the proposed transaction subjected Northwest to a potential claim for a fraudulent conveyance if the new entity was unable to pay its debts is not at issue in this matter. Right or wrong, Northwest acted based on the advice it had been provided. As such, Plaintiff's request for additional time in order to "identify" (not even provide a report as required by Fed R. Civ. P. 26(a)(2)(B)) an expert to address the reasonableness of Northwest's counsels' identification of an issue should be denied. The issue of the correctness of Northwest's counsels' legal analyses is not at issue.

5. Further, as the discovery demands attached to the Motion confirm, Plaintiff has long been aware that the fraudulent conveyance issue existed in this case. Indeed, the issue of whether the proposed transaction with SIG raised the risk of a

---

claims, (ii) the New York statute of frauds and (iii) Plaintiff's failure to be properly registered as a broker-dealer.

fraudulent conveyance claim was explicitly raised in a letter sent by an attorney at SSGH to Plaintiff's counsel in connection with a demand letter sent to Northwest on behalf of Plaintiff prior to commencement of the action.  See Exhibit 1.  Thus, if Plaintiff wanted to rely on an expert related to the fraudulent conveyance issue, of which it was aware, it should have identified and provided the report of one by the deadline set by the Court. The limited waiver has not changed the issue.

6.  Finally, Plaintiff wrongly contends that Northwest is seeking to rely on an unpleaded affirmative defense.  First, the answer includes an affirmative defense based on Plaintiff's failure to state a claim.  See Answer (Exhibit 2), Second Affirmative Defense, p. 5.  Evidence that Northwest proceeded in good faith goes to whether Plaintiff can demonstrate the elements of its claim of breach.  Second, a defense of good faith (whether based on advise of counsel or otherwise) is not included among the defenses that must be plead as an affirmative defense under Fed. R. Civ. P. 8(c).  Thus, even if Northwest were relying on an advice of counsel defense, it would not be required to plead it as an affirmative defense.

WHEREFORE, Plaintiff's motion should be denied in its entirety

Dated: New York, New York
       July 24, 2008

**MOSES & SINGER LLP**

By:_____/pz/_____
    Philippe A. Zimmerman  (PZ-7744)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel: (212) 554-7800
Fax: (212) 554-7700

*Attorneys for Defendant,*
*The Northwest Company, Inc.*