# Exhibit 1

## SILVERBERG STONEHILL GOLDSMITH & HABER, P.C.
### ATTORNEYS AT LAW
### 111 WEST 40TH STREET
### NEW YORK, NEW YORK 10018

(212) 730-1900

FACSIMILE
(212) 391-4056

November 15, 2006

James T. Smith, Esq.
Blank Rome LLP
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103

Re: Michael M. Beer/New Trail Capital Fee for SIG Transaction

Dear Mr. Smith:

We are counsel for The Northwest Company and have been requested to respond to your letter to it of November 9, 2006.

While it is not my intention in this letter to review all of the specifics of why this transaction was not consummated, suffice it to say, that Michael Beer's characterization of the transaction and the reasons behind Northwest's decision not to pursue it, are materially inaccurate. When the Susquehanna transaction was first presented, it was presented as a stock transaction. Months later as the transaction "evolved," it became a highly leveraged asset sale that raised serious questions by all sides (including the prospective buyer) that Northwest was selling into a fraudulent conveyance.

Certainly, had Northwest known at the inception that the transaction would move in this direction, and that the buyer would not be adequately capitalized, Northwest never would have spent the substantial time, effort and money it did in pursuing the transaction. That Northwest ultimately decided to terminate discussions on an inadequately capitalized transaction, is hardly a bad faith decision. Indeed, any other decision by our clients would have been economic suicide.

Under the circumstances, Mr. Beer's suggestion that my clients have failed to act in good faith is flatly rejected and any attempt by Mr. Beer to pursue such a claim is frivolous and sanctionable.

Very truly yours,

Michael B. Goldsmith

MBG:jj
cc: The Northwest Company

NTC0036