**Exhibit 2**

Philippe A. Zimmerman (PZ-7744)
Erica D. Busch (EB-9379)
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel. 212-554-7800
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
NEW TRAIL CAPITAL,

    and                                                              07-cv-09679 (LAK)

MICHAEL BEER,                                               **ANSWER**
                    Plaintiffs,

         v.

THE NORTHWEST COMPANY, INC.,

               Defendant.
-------------------------------------------------

Defendant The Northwest Company, Inc. ("Northwest"), by its attorneys Moses & Singer LLP, respectfully submits this Answer to the Complaint (the "Complaint") of Plaintiffs New Trail Capital ("NTC") and Michael Beer ("Beer") (collectively, "Plaintiffs"), and states as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1".

    2.    Admits the allegations set forth in paragraph "2", denies that Northwest is a New York corporation, but states that Northwest is a North Carolina corporation.

    3.    Admits the allegations set forth in paragraph "3".

13. Denies the allegations set forth in paragraph "13" but admit that Plaintiffs introduced Northwest to Riverside, Capital Solutions and RAF Industries.

14. Denies the allegations set forth in paragraph "14" but admit that Plaintiffs were involved in limited conversations with Northwest regarding the CFO candidates.

15. Denies the allegations set forth in paragraph "15", but admit that Plaintiffs assisted Northwest in connection with the potential acquisition of Northwest by Susquehanna International Group ("SIG").

16. Admits the allegations in paragraph "16".

17. Denies the allegations in paragraph "17" and refers to the January 5, 2006 letter between Northwest and SIG (the "January 2006 Letter") for its terms.

18. Denies the allegations in paragraph "18" and refers to the January 2006 Letter for its terms.

19. Denies the allegations in paragraph "19" and refer to the January 2006 Letter for its terms.

20. Denies the allegations set forth in paragraph "20".

21. Denies the allegations set forth in paragraph "21".

22. Denies the allegations set forth in paragraph "22" but admits that in or about September 2006, Northwest decided not to complete the transaction with SIG.

23. Denies the allegations in paragraph "23".

24. Denies the allegations in paragraph "24".

25. Denies the allegations in paragraph "25".

26. Denies the allegations in paragraph "26".

27. Denies the allegations in paragraph "27".

28. In response to the allegations set forth in paragraph "28", Northwest repeats and realleges its previous responses to paragraphs 1 through 27 of the Complaint, as set forth above.

29. Denies the allegations in paragraph "29" but admits that Northwest entered into the 2004 Agreement with Plaintiffs which had a one year term.

30. Denies the allegations in paragraph "30".

31. Denies the allegations in paragraph "31".

32. Denies the allegations in paragraph "32".

33. In response to the allegations set forth in paragraph "33", Northwest repeats and realleges its previous responses to paragraphs 1 through 32 of the Complaint, as set forth above.

34. Denies the allegations in paragraph "34".

35. Denies the allegations in paragraph "35".

36. Denies the allegations in paragraph "36".

37. Denies the allegations in paragraph "37".

38. Denies the allegations in paragraph "38".

39. Denies the allegations in paragraph "39".

40. In response to the allegations set forth in paragraph "40", Northwest repeats and realleges its previous responses to paragraphs 1 through 39 of the Complaint, as set forth above.

41. Denies the allegations in paragraph "41".

42. Denies the allegations in paragraph "42".

43. Denies the allegations in paragraph "43".

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44".

45. Denies the allegations in paragraph "45".

46. Denies the allegations in paragraph "46" except admit that Plaintiffs made demands for payment.

47. Denies the allegations in paragraph "47".

48. Denies the allegations in paragraph "48".

49. In response to the allegations set forth in paragraph "49", Northwest repeats and realleges its previous responses to paragraphs 1 through 48 of the Complaint, as set forth above.

50. Denies the allegations in paragraph "50".

51. Denies the allegations in paragraph "51".

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" insofar as it refers to what Plaintiffs relied upon, but deny that Northwest made any promises to Plaintiffs.

53. Denies the allegations in paragraph "53".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

54. Plaintiffs' claims are barred by the statute of frauds.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55. The Complaint fails to state a cause of action upon which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

56. Plaintiffs' claims are barred by their failure to satisfy a condition precedent.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

57. Plaintiffs' claims are barred, in whole or in part, by waiver or estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58. Plaintiffs' claims are barred by the doctrine of unclean hands.

Dated: New York, New York
       December 10, 2007

MOSES & SINGER LLP

By: /s/ Philippe A. Zimmerman
    Philippe A. Zimmerman (PZ-7744)
    Erica D. Busch (EB-9379)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 554-7800
pzimmerman@mosessinger.com
ebusch@mosessinger.com
*Attorneys for Defendant The Northwest Company, Inc.*